**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE SUBOXONE (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | Case No. 1:24-md-3092 <br><br> MDL No. 3092 <br><br> Judge J. Philip Calabrese |
| This Document Applies to the Following Case: | ) ) ) ) | Magistrate Judge Jennifer Dowdell Armstrong |
| SERENA CRAIN, <br><br> Plaintiff, <br><br> v. <br><br> INDIVIOR INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:24-sf-65581 |

**OPINION AND ORDER**

In this Order, the Court addresses Plaintiff Serena Crain's submission and Defendants' response to the Court's Show Cause Order. (MDL ECF No. 328.)

**PROCEDURAL BACKGROUND**

On November 4, 2024, the Court issued Case Management Order No. 12 (MDL ECF No. 158), establishing a census protocol for Plaintiffs with cases filed on or before October 7, 2024. This census protocol aimed to obtain proof of product use and proof of a relevant dental injury for each such Plaintiff and required the completion of a census form and the execution of certain authorizations.

On March 14, 2025, the Court issued Case Management Order No. 15 (MDL ECF No. 207). That Order (as later amended with provisions relating to other topics) governed the selection of 500 Plaintiffs for a Record Collection Pool ("RCP Plaintiffs") as the first step of selecting bellwether cases for trial and confirmed that RCP Plaintiffs were obligated to complete the Census Form on or before August 1, 2025. Pursuant to that Order, the parties randomly identified 500 RCP Plaintiffs in Case Management Order No. 16. (MDL ECF No. 217.) The parties identified RCP replacements in Amended Case Management Order No. 16 (MDL ECF No. 227) and Second Amended Case Management Order No. 16 (MDL ECF No. 239). The Court identified provisional RCP replacements in an Order dated July 15, 2025. (MDL ECF No. 287.)

A number of non-RCP Plaintiffs subject to Case Management Order No. 12 failed to complete the census. Additionally, RCP Plaintiffs or Provisional Replacements (identified in MDL ECF No. 217, MDL ECF No. 227, MDL ECF No. 239, or MDL ECF No. 287) failed to complete the census or provide authorization forms by the deadline as required by Case Management Order No. 12 and No. 15.

On September 9, 2025, the Court entered two Show Cause Orders. The first ordered non-RCP Plaintiffs to show cause by September 24, 2025 why they did not comply with Case Management Order No. 12. (MDL ECF No. 328.) The second ordered RCP Plaintiffs or Provisional Replacements to show cause by September 25, 2025 why they did not comply with Case Management Order No. 12 or No. 15. (MDL ECF No. 329.) Defendants had seven days to respond to any submission.

## ANALYSIS

In the context of Rule 16 of the Federal Rules of Civil Procedure, the Sixth Circuit notes that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *E.E.O.C. v. Honda of America Mfg., Inc.*, No. 2:06-cv-0233, 2007 WL 1024426, at *1 (S.D. Ohio Mar. 29, 2007) (citation omitted). "It is well settled that the good-cause determination is left to the Court's sound discretion, and [the plaintiff] bears the burden to establish good cause." *Wise v. Department of Def.*, 196 F.R.D. 52, 54 (S.D. Ohio 1999) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (evaluating good cause in the context of Rule 4)).

The Court has reviewed Plaintiffs' 297 submissions and Defendants' responses. Generally, Plaintiffs' submissions fall into two categories. In the first, there are what the Court determines to be legitimate excuses for a lack of diligence. These circumstances include serious health issues, significant injuries, incarceration, caring for ill family members, recent deaths in the family, an unexpected change in address, financial difficulties, dual representation of firms in this MDL (leading to unintended confusion), and homelessness. In all cases, this category requires sufficient supporting details, as opposed to a general unsupported or conclusory

3

statement. Such circumstances may establish good cause for failure to comply with deadlines, so long as a plaintiff nonetheless acted diligently. *See, e.g.*, *Wise*, 196 F.R.D. at 54 (citing *Habib*, 15 F.3d at 74) (acknowledging that good cause in the context of Rule 4 "may be found when a plaintiff experiences a sudden and debilitating illness").

Into the second category fall what the Court finds to be excuses for a lack of diligence that lack merit. These circumstances include issues regarding email or phone service, failure to inform counsel of a change in contact information, lack of communication with counsel, lack of understanding of deadlines and obligations, miscommunications or misunderstandings, demanding work hours, and vague or unspecified personal or health issues. These types of circumstances do not establish good cause for failure to comply with the Court-ordered deadlines because they demonstrate that Plaintiffs did not act diligently and were not excused from doing so. *See, e.g., Pyfrom v. ContactUS, LLC*, No. 2:21-cv-4293, 2023 WL 32843, at *4 (S.D. Ohio Jan. 4, 2023) (determining that good cause existed for an untimely filing in part because the party exhibited "diligence in checking her mail for legal-related mailings"); *Napper v. Health Care Logistics*, 2:24-cv-14, 2024 WL 126383, at *1 (S.D. Ohio Jan. 11, 2024) (cautioning the plaintiff that "failure to update his email address and monitor his email account (including his 'junk mail' or spam folder) for court filings may result in the Court's dismissal of the action"); *Stoddard v. Wainwright*, No. 5:20-cv-754, 2022 WL 3567372, at *19 (N.D. Ohio July 20, 2022) (acknowledging that issues with computer access do not establish good cause to excuse untimely

4

filings); *Bearup v. Cintas Corp.*, No. 1:21-cv-151, 2025 WL 887692, at *3 (S.D. Ohio Mar. 21, 2025) (determining that it was unreasonable in the context of excusable neglect for the plaintiff not to apprise counsel of her new contact information during a show cause order); *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *3 (6th Cir. Mar. 1, 2023) (determining that the plaintiff's misunderstanding of the law "did not constitute good cause").

Plaintiff Serena Crain offers no specific circumstances for her lack of compliance. But she has the burden to demonstrate good cause, and she has not done so. Therefore, the Court finds that Plaintiff has failed to show good cause.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims.

**SO ORDERED.**

Dated: October 9, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio